IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

_____

| | |
|---|---|
| SHELTON HARRISON, et.al. | \| |
| Plaintiffs | \| |
| | \| |
| vs. | \| Civil Action No. 3:10-cv-00714 |
| | \| Judge Trauger |
| | \| Magistrate Judge Bryant |
| ASHLAND GP, LLC, etc., et.al. | \| |
| Defendants | \| |

_____

### {REVISED, ~~PROPOSED~~} INITIAL CASE MANAGEMENT ORDER
_____

A.   JURISDICTION: Plaintiffs allege that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Defendants dispute subject matter jurisdiction, in part, for the reasons explained below.

B.   BRIEF THEORIES OF THE PARTIES:

(1)   PLAINTIFFS:

Plaintiffs are the owners of a parcel of land within the City of Ashland, Cheatham County, Tennessee of initially approximately 135 acres. In 2004, they sold a 25 acre parcel of said land that borders on Highway 12. In the transaction they reserved an "access road" for their remaining 110 acres to be constructed by the purchaser. The Defendants later acquired title to the 25 acres and started developing the property. However, they have refused to provide access to Plaintiffs' remaining and landlocked property and they have failed to construct the access road. Plaintiffs ask the Court for declaratory, injunctive and monetary relief, for determining the location and size of the access road, for a speedy hearing on those issues, and for directing the Defendants to construct the road under terms and conditions determined by the Court. Plaintiffs'

request for relief is based upon the legal theories of enforcement of a property right, imposition of an easement by necessity and breach of implied covenant of fair and honest dealing.

(2) DEFENDANTS:

Plaintiffs sold a 25-acre parcel of their land in 2004 to a non-party. The deed provides that the "Grantee agrees to grant the Grantors a non-assignable and non-transferable right at Grantee's expense to develop an access road to the remainder of Grantor's existing property from Highway 12, *the location and construction of which shall be subject to Grantee's sole discretion and approval.*" (Complaint ¶ 12) (emphasis added).

Defendants did not obtain title to the Property until March 2009, when Defendant Ashland GP, LLC obtained title to the 25-acre parcel through a foreclosure sale. Ashland GP, LLC obtained plat approval from the Ashland City Planning Commission for subdivision development of its property. By a recorded instrument Defendants designated a portion of the Property in which they intended to construct the access road. Defendants have never prohibited Plaintiffs from using their alleged property right to an access road as reserved in the Deed.

Defendants have, in fact, constructed an access road to Plaintiffs' property. Thus, to the extent Plaintiffs are seeking a bare access right, that claim is moot. Given the completed construction of an access road, Plaintiffs' "easement-by-necessity" claim is also moot. *E.g, Robnett v. Tenison*, 2008 Tenn. App. LEXIS 550, at *1 (Tenn. Ct. App. 2008) ("[A]n easement by necessity may continue '*only as long, as a necessity for its use continues*.'") (emphasis in original).

To the extent Plaintiffs are seeking anything more—*i.e.* to the extent they are demanding that a certain size access road be constructed at a specific location that allegedly best suits their future development plans—that is not a valid claim under the plain language of the Deed.

Moreover, to the extent Plaintiffs are seeking to dictate the location or purpose of the road (beyond access), the Ashland City Planning Commission has exclusive jurisdiction over such claims. Modifications of Defendants' approved Plat and Development Agreement to accommodate Plaintiffs' demands require Planning Commission approval. Defendants dispute subject matter jurisdiction to the extent Plaintiffs seek anything beyond a bare access right—*i.e.* to the extent Plaintiffs demand an access road at a certain location or to support high-end residential development—as only the Ashland City Planning Commission can decide such issues.

      C.     ISSUES RESOLVED: Venue (if jurisdiction is proper, see above).

      D.     ISSUES STILL IN DISPUTE: Jurisdiction (see above), Liability and Damages.

      E.     MANDATORY INITIAL DISCLOSURES: Pursuant to Fed.R.Civ.P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference or such other deadline as the Court approves.

      F.     DISCOVERY:

(1)     Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephone call with Judge Trauger.

(2)     All parties shall complete all written discovery and depose all fact witnesses on or before March 1, 2011.

      G.     MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before October 29, 2010.

H.  DISCLOSURE OF EXPERTS: The Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before October 15, 2010. The Defendants shall identify and disclose all expert witnesses and expert reports on or before March 15, 2011.

I.  DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before April 15, 2011.

J.  JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before March 20, 2011.

K.  DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before May 1, 2011. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after filing the response. Briefs shall not exceed <u>20 pages</u>. No motion for **partial** summary judgment shall be filed except upon leave of Court. Any party wishing to file such motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L.  ELECTRONIC DISCOVERY: The parties expect to reach agreements on how to conduct electronic discovery. Therefore, the default standard in Administrative Order No. 174 need not apply to this case.

M.  ESTIMATED TRIAL TIME: The parties expect the bench trial of this matter to last approximately 2 days.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge